UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA


| | |
|---|---|
| **AMERICAN FIDELITY ACCEPTANCE, INC.** | **CIVIL ACTION** |
| **VERSUS** | **NO: 07-7150** |
| **ASSURANCE COMPANY OF AMERICA D/B/A ZURICH ET AL.** | **SECTION: "S" (3)** |

## ORDER AND REASONS

The court raises *sua sponte* the question of whether the court has subject matter jurisdiction over American Fidelity Acceptance, Inc.'s claim and concludes that subject matter jurisdiction is lacking.

**IT IS HEREBY ORDERED** that the case is **REMANDED** to Civil District Court for the Parish of Orleans, State of Louisiana.

## I. BACKGROUND

Between July 2005 and early August 2005, Hazel Nolan applied for a flood insurance policy for her home at 7812 Venderkloot in New Orleans, Louisiana, with Allstate Insurance Company (Allstate), a Write-Your-Own carrier participating in the National Flood Insurance Program, through an agent, Paul Roberts, and paid a premium. The home was damaged from

flood as a result of Hurricane Katrina, and Nolan filed a claim with Allstate.  Allstate denied the claim because the insurance coverage began "one day too late" to fulfill the thirty-day required waiting period for a policy to become effective.  In October 2005, Allstate advised Nolan to send a written request for a refund of her premium.

On September 7, 2006, American Fidelity Acceptance Inc. (American Fidelity) purchased Nolan's property and obtained an assignment of all claims and damages.  On September 19, 2006, American Fidelity advised Allstate of the assignment and made a demand for the claim of damage to the property.  American Fidelity requested copies of various documents related to Nolan's payment and the contract between Allstate and Nolan.  Allstate did not respond to American Fidelity's request and denied having any record of any contact with Nolan.  At Allstate's suggestion, American Fidelity contacted Paul Roberts, who admitted that he had the documents related to the flood policy.  Roberts indicated that he had collected his commission from Allstate, and there was nothing more he could do.  He referred American Fidelity back to Allstate.  In a letter of October 12, 2006, Allstate informed that it had no record of a past or existing policy for Nolan's property; however, the letter lists a claim number and a policy number.  Allstate referred American Fidelity back to Roberts.

On August 27, 2007, American Fidelity filed a petition for damages in Civil District Court for the Parish of Orleans, State of Louisiana, against Allstate, Roberts, and Roberts' unknown errors and omissions insurer.  American Fidelity alleges that Roberts and Allstate misrepresented to Nolan that she was covered by flood insurance when she paid the premium, without indicating that there was a waiting period; Allstate is liable for the acts and omissions of

Roberts; and Allstate breached its contract by failing to pay the claim and trained its employees to confuse and obstruct its policyholders from collecting on claims.  In a separate claim against Assurance Company of America d/b/a Zurich (Assurance) and RAC Catastrophe Service, Inc. (RAC),[1] American Fidelity alleges that Assurance and RAC failed to investigate properly, adjust, and pay plaintiff's claims.

Allstate removed the case to federal court, alleging federal question jurisdiction, pursuant to the National Flood Insurance Act, 42 U.S.C. § 4072, and the Commerce Clause of the United States Constitution, and diversity jurisdiction.  Allstate asserts that the claims are separate and independent federal claims for which no one's consent is necessary for removal.  Further, Allstate contends that diversity jurisdiction is not defeated because Roberts, the sole non-diverse party, is fraudulently joined.  Roberts filed a motion to dismiss American Fidelity's claims again him, pursuant to Federal Rule of Civil Procedure 12(b)(6).

## II. DISCUSSION

### A.  Subject matter jurisdiction

As a preliminary matter, the court addresses the question of federal subject matter jurisdiction.  "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. 1447(c).  A federal court may

---

[1]   Assurance presumably provided homeowner's coverage for Nolan's property, and RAC was an agent of Assurance.  Assurance hired RAC to adjust Nolan's losses and to conduct an inspection of the property.  Federal question jurisdiction is not asserted as to the claims against Assurance and RAC.

consider subject matter jurisdiction *sua sponte*.  Gasch v. Hartford Acc. & Indem. Co., 491 F.3d 278, 279 (5th Cir. 2007).

**B.  Federal question jurisdiction**

"A defendant may remove a case to federal court based on the presence of a federal question when a plaintiff asserts 'a claim or right arising under the Constitution, treaties or laws of the United States.'"  Saadat v. Landsafe Flood Determination, Inc., 253 Fed. Appx. 343, 344 (5th Cir. 2007); 28 U.S.C. § 1441(b).  "Under the well-pleaded complaint rule, there is generally no federal jurisdiction if the plaintiff properly pleads only a state law cause of action."  Id.

In the notice of removal, Allstate asserted that there is federal question jurisdiction under § 4072 because the plaintiff's case involves Allstate's conduct in handling the claims for federal flood insurance benefits.  Sections 4053 and 4072 "provide that flood insurance policyholders may sue their insurers in federal court in regard to disputes arising from the policies."  Mid-America Nat'l Bank of Chicago v. First Savings and Loan Assoc. of South Holland, 737 F.2d 638, 642 (7th Cir. 1984).  The National Flood Insurance Act (NFIA) preempts state law claims for an adjustment of an insurance claim, which is considered "handling" of the claim.  See Wright v. Allstate Ins. Co., 415 F.3d 384, 390 (5th Cir. 2005).  The NFIA does not act to preempt state law, and federal question does not exist, for claims related to flood insurance procurement.  See Landry v. State Farm Fire & Cas. Co., 428 F.Supp.2d 531, 533 (E.D.La. 2006).  "The federal courts premise their jurisdiction under the NFIA upon the fact that policies under the National Flood Insurance Program are paid from the federal treasury."  Id. at 534.  Because claims involving procurement do not involve the expenditure of federal funds, "there is

no equivalent justification for federal jurisdiction." Id.

After careful consideration of the record, the court concludes that the plaintiff's claims are not preempted because they concern the procurement of insurance, not the handling of the flood insurance claim. The allegations in the petition raise questions about whether Roberts actually obtained flood insurance and whether Allstate issued a policy of flood insurance. Any claims based on these allegations in the petition are state law claims that do not affect the federal treasury. Accordingly, there is no federal question jurisdiction under the NFIA.

Allstate also asserts a right to removal under the Commerce Clause, 28 U.S.C. § 1337. Because the case does not arise under federal law and is not preempted by the NFIA, it will not support Commerce Clause removal. See Tidmore-Matthews v. State Farm Fire and Cas. Co., 2007 WL 2007 (E.D. La. 2007).

## C.  Diversity jurisdiction

Allstate contends that there is diversity jurisdiction because Roberts was fraudulently joined in the suit, and there is complete diversity among the remaining parties. Specifically, Allstate contends that the claims against Roberts are perempted under La. Rev. Stat. 9:5606[2]

---

[2]  La. Rev. Stat. 9:5606 provides in relevant part:
A.  No action for damages against any insurance agent, broker, solicitor, or other similar licensee under this state, whether based upon tort, or breach of contract, or otherwise, arising out of an engagement to provide insurance services shall be brought unless filed in a court of competent jurisdiction and proper venue within one year from the date of the alleged act, omission, or neglect, or within one year from the date that the alleged act, omission, or neglect is discovered or should have been discovered. However, even as to actions filed within one year from the date of such discovery, in all events such actions shall be filed at the latest within three years from the date of the alleged act, omission, or neglect.

because Nolan should have known of the problems in procuring her flood insurance policy in September 2005 when Allstate denied the claim.

Improper joinder may be established in two ways: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." Smallwood v. Illinois Central Railroad Co., 385 F.3d 568, 573 (5th Cir. 2004) (*en banc*) (citing Travis v. Irby, 326 F.3d 644, 646-47 (5th Cir. 2003)).  The test to determine whether the plaintiff is able to establish a cause of action against the non-diverse party is "whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." Id.  A court may predict whether the plaintiff has a reasonable basis of recovery under state law by conducting "a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant." Id.  "Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder." Id.

The court concludes that Allstate has not demonstrated that there is no possibility of recovery by American Fidelity against Roberts, an in-state defendant.  At the time the claim was denied, Allstate's only reason was that her policy was taken out "one day too late."  American Fidelity alleges that Roberts and Allstate did not disclose that there was never a policy,[3] and that

---

[3]   In Karam v. St. Paul Fire & Marine Ins Co., 281 So.2d 728, 730-31 (La. 1973), the Supreme Court of Louisiana discussed the insurance agent's duty to the client:
   An insurance agent who undertakes to procure insurance for another owes an

it made numerous attempts to obtain documents concerning the policy in September 2006 when it became suspicious that the defendants were concealing information.[4]  To this day, American Fidelity still does not know whether Roberts took steps to procure flood insurance from Allstate. American Fidelity filed suit on August 27, 2007, within one year of discovering that Roberts may not have procured flood insurance.  Accordingly, Allstate has not established improper joinder of Roberts, and the court lacks diversity jurisdiction.

### III. CONCLUSION

The court has *sua sponte* considered subject matter jurisdiction in this case.  The court concludes that there is neither federal question jurisdiction nor diversity jurisdiction. Accordingly, the court does not address Robert's Rule 12(b)(6) motion, and the case is remanded

---

>   obligation to his client to use reasonable diligence in attempting to place the insurance requested and to notify the client promptly if he has failed to obtain the requested insurance.  The client may recover from the agent the loss he sustains as a result of the agent's failure to procure the desired coverage if the actions of the agent warranted an assumption by the client that he was properly insured in the amount of the desired coverage.

[4]   The petition alleges facts to support the timely filing of the petition within one year from the date the alleged act, omission, or neglect was discovered.  Shortly after Hurricane Katrina, Nolan filed her claim and received Allstate's denial in the belief that her application for flood insurance and premium had been processed.  In September 2006, American Fidelity sought information from Allstate, and Allstate denied it had accepted a premium from Nolan or that it attempted to return Nolan's premium.  On September 7, 2006, Roberts refused to provide any documents regarding the procurement of insurance to establish that the application for flood insurance was simply one day too late.  American Fidelity contends that a flood policy was never issued because a flood elevation certificate was never obtained, but neither Allstate nor Roberts will confirm whether the policy was issued.

to Civil District Court for the Parish of Orleans, State of Louisiana.

New Orleans, Louisiana, this ___7th___ day of May, 2008.

**MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE**